**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

<u>**LETTER OPINION**</u>

February 1, 2007

**Re:   <u>McGovern v. City of Jersey City</u> (98-5186)**

Dear Parties:

Currently before the Court is a motion to appeal the August 29, 2006 order of Magistrate Judge Ronald J. Hedges filed by Defendants, Hudson County, the Hudson County Sheriff's Office, and Joseph Cassidy. For the following reasons, Defendants' motion is denied and Judge Hedges's August 29, 2006 decision is affirmed; however, the Court will permit Defendants to file a new motion for summary judgment in accordance with the below specifications.

**I.   <u>Factual and Procedural History</u>**

Judge Hedges issued a pre-trial order on September 17, 2004 stating that all dispositive motions in this matter were to be filed by November 18, 2004. This deadline was subsequently extended, via order dated November 16, 2004, to December 17, 2004. Defendants filed a motion for summary judgment on December 16, 2004.[1] On January 6, 2006, the Court issued an order granting Defendants' motion for summary judgment.[2] The Court however, did not take a position on any Petition Clause claim asserted by Plaintiff, noting that Defendants did not brief this issue. See Opinion (Jan. 6, 2006) at pp. 24 n.8, 32 n.12.

Defendants filed a motion for reconsideration and/or clarification of the Court's January 6, 2006 decision on January 23, 2006. Defendants argued that they briefed the validity of a Petition Clause claim in their summary judgment papers and that in any event, Plaintiff failed to assert a Petition Clause claim in his complaint. The Court denied this motion on May 2, 2006.

---

[1] Although Defendants' motion papers were dated December 16, 2004, it appears that such were not entered on the docket until June 7, 2005. It is unclear to the Court why this discrepancy occurred.

[2] On January 19, 2006, the Court entered an amended order modifying its January 6, 2006 order solely with respect to the Court's rulings as applied to former defendant James Kelly. Thus, for the purposes of this motion, the Court refers to the January 6, 2006 opinion and order.

First, the Court found that there was no such discussion of the Petition Clause or related law in Defendants' summary judgment briefs. Further, the Court determined that Plaintiff asserted a Petition Clause claim against Defendants.

On July 18, 2006, Defendants filed another motion for summary judgment. In this motion, Defendants asked the Court to dismiss any Petition Clause claim asserted by Plaintiff.

Judge Hedges entered an order on August 29, 2006 striking Defendants July 18, 2006 summary judgment motion. In this order, Judge Hedges explained that Defendants' motion was improperly filed because:

(1) it was in violation of the pre-trial order stating that all dispositive motions were to be filed by November 18, 2004, a date which was subsequently extended to December 17, 2004;

(2) Defendants did not obtain the Court's permission or consent to file any further summary judgment motions; and

(3) the motion was merely another attempt to have the Court address the merits of issues that "Defendants either had the opportunity to address in the initially filed motion but did not do so, or unsuccessfully attempted to raise in its earlier motions for reconsideration."

Defendants filed the instant appeal of Judge Hedges's August 29, 2006 order on September 8, 2006. Defendants claim that Judge Hedges's order should be reversed and their July 18, 2006 summary judgment motion should be allowed to proceed because Judge Hedges does not have the authority to strike Defendants' motion. Defendants alternatively ask the Court to permit them to file new motions for summary judgment.

## II.   Legal Discussion

Local Civil Rule 72.1(c)(1)(A) provides that a party may appeal from a Magistrate Judge's determination of a non-dispositive matter within ten days of the entry of the Magistrate Judge's order. In adjudicating this appeal, the Court will only set aside a Magistrate Judge's order, or any portion thereof, which is clearly erroneous or contrary to law. See L. Civ. R. 72.1(c)(1)(A).

Judge Hedges's decision to strike the July 18, 2006 motion for summary judgment filed by Defendants was not clearly erroneous or contrary to law. Judge Hedges, who has the explicit authority to manage civil cases and issue discovery and scheduling orders, see L. Civ. R. 72.1(a)(3), struck Defendants' motion because it violated his previous orders, which set a cut-off date for filing dispositive motions. Judge Hedges noted that Defendants did not ask the Court's permission to file such an untimely motion.

Defendants ask the Court to essentially view Judge Hedges's decision as a Report and Recommendation ("R&R) pursuant to L. Civ. R. 72.1(c)(2), and thus, argue that the Court's

review should be *de novo*. Defendants claim that the Court should view Judge Hedges's order as a R&R because he essentially made a dispositive determination when he struck their motion for summary judgment from the docket.

The Court disagrees that Judge Hedges's order, which struck Defendants' motion not on the merits, but for violating a previous order issued by Judge Hedges, was a dispositive adjudication. Defendants offer no authority which supports their position that Judge Hedges's order striking Defendants' summary judgment motion in this fashion was a dispositive determination. In any event, to the extent that the Court should treat Judge Hedges's decision as a R&R which renders a dispositive determination, and review this issue *de novo*, the Court adopts Judge Hedges's August 29, 2006 decision and strikes Defendants' July 18, 2006 motion for summary judgment as untimely, in violation of Court order, and filed without the Court's consent.

However, in their submissions, Defendants alternatively ask the Court for permission to file a new motion for summary judgment on the Petition Clause issue. The Court recognizes that the Petition Clause claim against these Defendants appears to be the only remaining claim against them in this litigation. It would be a waste of the Court's and litigants' resources to allow this claim to proceed to trial without determining whether genuine issues of material fact exist to warrant a trial on such claim.

Thus, despite Defendants' failure to appropriately and timely challenge the sufficiency of this claim, the Court will grant Defendants' request to file a motion for summary judgment on the Petition Clause claim if such is submitted by March 1, 2007. The Court has noticed that Defendants have filed previous documents and exhibits in this matter in a piecemeal and confusing fashion. Defendants should not be filing documents in this manner. To the extent that such is unavoidable, Defendants are specifically advised to provide the Court with organized courtesy copies of all documents filed electronically for ease and efficiency.

Should Defendants file such a motion for summary judgment, Plaintiff will have until March 15, 2007 to submit any opposition to this motion. If they wish to reply, Defendants must submit their reply by March 22, 2007.

### III.    Conclusion

In conclusion, the Court affirms Magistrate Judge Hedges's August 29, 2006 decision to strike Defendants' July 18, 2006 motion for summary judgment. However, in accordance with the specifications outlined above, the Court will permit Defendants to file a new motion for summary judgment which addresses Plaintiff's Petition Clause claim against them. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
United States District Judge