| | |
|---|---|
| SEAN P. McGOVERN, | UNITED STATED DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff, | CIVIL ACTION NO.: 98-5186 (JLL) |
| v. | <u>CIVIL ACTION</u> |
| CITY OF JERSEY CITY, et al. | PLAINTIFF'S RESPONSE TO DEFENDANT, COUNTY OF HUDSON'S STATEMENT OF MATERIAL FACTS |
| Defendants. | RETURN DATE:   TO BE DETERMINED BY THE COURT |

**PLAINTIFF'S RESPONSE TO DEFENDANT, COUNTY OF HUDSON'S STATEMENT OF MATERIAL FACTS**

 

       LAW OFFICE OF
       D. GAYLE LOFTIS, ESQ.
       210 RIVER STREET, SUITE 32
       HACKENSACK, NJ 07601
       (201) 646-9141
       Attorney for Plaintiff, Sean P. McGovern

**On the Brief**
  D. Gayle Loftis, Esq.

## PLAINTIFF RESPONSE TO
## COUNTY STATEMENT OF MATERIAL FACTS

1.  The Court, in addition to this Statement of Material Facts, is referred to counsel's Certification and the Statement of Facts with respect to the facts of this matter.

   **This is not a proper assertion of a Material Fact and is inconsistent with the February 7, 2007 Order and direction of the Court to not submit materials in a piecemeal and confusing fashion. It does not permit a response from the Plaintiff.**

2.  A Motion for Summary Judgment was made on behalf of Defendants, County of Hudson and Sheriff Joseph Cassidy in late 2005.

   **Admitted.**

3.  On or about January 6, 2006 this Motion was decided. [See Exhibit "B" of the Certification of Michael L. Dermody, Esq., which is the Court's opinion.]

   **Admitted.**

4.  The Court in its opinion granted Summary Judgment to the Hudson County Defendants on those points which were briefed in the motion papers. The Court said further that it was not deciding the issue concerning the First Amendment Petition's Clause. That issue is now asserted in this motion.

   **Admitted as to the fact that the Court issued a decision that noted on page 24, Note 8, that the County had not briefed any position relative to the Plaintiff's assertion of a violated right protected by the Petition Clause of the First Amendment.**

   **Denied, however, as to the fact that the Court did address at pages 4-6 that the Hudson County Defendants suggested argument that no Petition Clause claim was asserted by the Plaintiff against the County, and held that such an argument failed.**

-2-

5. With respect to an allegation under the Petitions Clause of the First Amendment of the United States Constitution, the only paragraphs from which this can be discerned are paragraphs 79 and 144 of the Third Amended Complaint where it is written that the Sheriff, ". . . by his actions he has effectuated or implemented a policy and/or custom which punishes and/or retaliates against the Sheriffs Officers who express grievances or seek access to the courts for grievances the officers have suffered," and, ". . the action of Defendants . . . have been . . . in retaliation of his expression and assertion of those rights," respectively. The fact is Mr. McGovern used what judicial redress was available to him by way of municipal court and federal district court.

**Admitted that within the Plaintiff's Third Amended Complaint paragraphs ¶¶79 and 144, he has asserted claims under the Petition Clause of the First Amendment, and that was recognized in the May 2, 2006 opinion of the Court at pages 4-6. The last sentence of this County "fact", is not able to be clearly admitted or denied as Plaintiff is presently involved in the use of judicial forums.**

6. Plaintiff, Sean McGovern, filed a complaint in municipal court charging Mr. Garrison, the other person involved in the altercation, with a crime. There were cross complaints initially begun in Jersey City Municipal Court. Mr. McGovern's charge was filed within a month of the incident. [December 2003 deposition page 99, lines 1to 13; January 11, 2002 deposition page 36, line 6 to page 38, line 14].

**Admitted that there were charges filed in municipal court by Plaintiff in March of 1998. However, denied as to the fact that the charges were filed within a month of the incident, or initiated in municipal court by Plaintiff within a month of the incident. The 2003 transcript at page 99 references when Plaintiff discharged his earlier counsel.**

7.      The matter was transferred to Hoboken Municipal Court at which point Mr. McGovern voluntarily withdrew his charges and the charges against him were likewise voluntarily withdrawn.

**Plaintiff admits that the municipal court charges were ultimately transferred to Hoboken Municipal Court but denies the characterization of what transpired at those proceedings other than to admit that the processing of the charges was terminated.**

8.      The date of the bar fight that was the genesis of this civil litigation was November 27, 1997. The criminal complaint was filed on March 9, 1998 according to the Court's Opinion from the Summary Judgment Motion.  Also, as stated in that paragraph, the criminal Complaints were mutually dismissed on March 3, 2000.  The civil complaint making up this federal lawsuit was filed on November 16, 1998, the First Amended Complaint was filed on December 28, 1998, the supplemental pleading was filed on June 4, 2001, the Second Amended Complaint was filed on December 7, 2001 and the Third Amended Complaint was filed on December 7, 2001 and the Third Amended Complaint was filed on February 11, 2003.

**Admitted that the dates specified were for the public documents noted.  The balance of the characterizations regarding the basis for the litigation is denied.**

9.      The issue with respect to Plaintiff's pension plan would have occurred at the time of Plaintiff's transfer to the Sheriff's Department from the Juvenile Detention Center in late 1997, several months before the bar fight incident therefore, whatever occurred with the pension system would have preceded McGovern's involvement with Sheriff Cassidy and this incident.

**Denied.**

10.     The roll call where the Sheriff used the nomenclature "rat" for someone giving information to the Jersey Journal about an incident that did not actually occur was in February of 1999. [See Court's Opinion from first Summary Judgment Motion]

**Plaintiff admits that the Sheriff used the reference "rat" in connection with an article that was printed in the Jersey Journal in February of 1999. The balance of the statement is denied as it is not in the Court's prior opinion and the Court made no factual determination that any "incident that did not actually occur."**

11.   The parity pay grievance involving the Union but not the Sheriff occurred on or about December 1999. [January 11, 2002 deposition page 38, line 16 to page 13, line 4].

**The Plaintiff admits that he filed a grievance, but denies that it would involve only the union or that it was filed on or about December of 1999.**

12.   Plaintiff alleges a violation of a civil rights for being transferred on two occasions when two persons involved in the altercation were being arraigned in the Central Judicial Processing Court where Plaintiff usually works. This was a common sense move on the part of the Sheriff but it also made sense in light of Plaintiff's purported permanent psychiatric sequella when he is around Jersey City police officers.

**Plaintiff admits that he was ordered to be transferred from his post in Central Judicial Processing on two occasions but denies all other conclusionary statements which are not facts but contained in this County paragraph.**

13.   In a subsequent complaint Plaintiff complained about not being transferred yet he has refused to make such a request saying in his third deposition that he would not make such a request and never will make such a request. [McGovern deposition Vol. III, page 133, lines 8 to 16 and never will make such a request. [McGovern deposition Vol. IV, page 135 lines 11 to 14].

**Denied as phrased. The Plaintiff has made numerous verbal requests for transfer from Central Judicial Processing, and has repeatedly objected to being singled out as the sole individual told to file a written request for intra-unit transfer.**

14. Mr. McGovern testified that he had no knowledge first hand or otherwise that connected any of these events to the Sheriff or his desires. He repeatedly said that he was simply "connecting the dots", to come to the conclusion that this was so. [See Plaintiff deposition Vol. III page 60, line 1 to page 61, line 15; page 69, line 1 to page 177, line 14 (having to do with the timing of the pension issue); off-duty and overtime issue, page 115, line 14 to page 116, line 8], and he generally said he had no knowledge of Sheriff Cassidy directing anything to be or not be done. [McGovern deposition Vol. III page 137, lines 3 to 17]

**Denied as phrased. Moreover, the recitation to deposition excerpts is not accurate as Vol III does not have a page 177. Therefore, it is impossible to determine the portion of that deposition which is considered to be an alleged basis for the assertions as phrased.**

15. With respect to overtime, Mr. McGovern said that he did not necessarily "feel" that there was any less overtime despite feeling something was going on. [McGovern deposition Vol. IV, page 116, line 3 to page 121, line 4]. Mr. McGovern testified as set forth in the original motion that he receives and accepts overtime when it is offered and he turns it down routinely. [McGovern Dep. Vol. II, P. 132., L. 13 to L. 15; McGovern Dep. Vol. III, P. 98, L. 6 to L. 10; McGovern Dep vol. IV, P. 31, L.8 to L.20; McGovern Dep. Vol. IV, P. 116, L.11 to L. 21]. Despite this he earned almost $20,000 in overtime in the year 2002.

**This paragraph contains several asserted facts. Plaintiff admits that that he has the opinion that there are the same overtime opportunities available within the department, but denies that he is afforded an equal opportunity to use those opportunities. Plaintiff admits that he has at times turned down overtime opportunities that were offered when they conflicted with prior commitments or his working other overtime jobs. Plaintiff denies that the monies he received in 2002 from the County of Hudson reflected overtime payments in the**

**amount of $20,000 as he previously explained in his Certification filed on May of 2005, and that the County is intentionally attempting to mislead the Court by such an assertion in this motion.**

16. With respect to off-duty jobs, Plaintiff admitted in his last deposition that he did not sign up for the sheets in advance and agreed that it was reasonable that Lt. Kromitz concluded that he simply was not available for those jobs. [McGovern deposition Vol. IV, page 135, lines 15 to 141] Mr. McGovern testified that it is he who must put his name on the list and to the extent he does not put his name on the prospective list the officer in charge of the off-duty jobs would not even know that he is interested in working such jobs. [McGovern Dep. Vol. IV, P. 13, L. 15; P. 141, L. 1].

**The citations to these statement are confusing and appear inaccurate to these topics. Beginning at page 135, line 11 of the Plaintiff's deposition on December 12, 2003, he was asked questions concerning the manner by which distribution of off-duty jobs, and stated that since the last deposition in January of 2002, the process to alert him or to provide the off-duty opportunity was changed "when he followed the process." T136, 13-15. He also testified that Sheriff's Lieutenant Kromitz had varied the manner in which offered the off-duty jobs. T136, 18 -25. Plaintiff admits that to the extent that as some times during the noted two years, he had twice completed forms for availability but had worked at vo-tech. He was not permitted to elaborate on the manner in which he had not been afforded to work construction, overtime, additional vo-tech and detail work. T137, 19 thru T139, 1-11.**

17. There was an incident at a restaurant know as Nicco's where McGovern was present and was a witness to a fight involving another member of the department. The Sheriff asked for minor disciplinary charges against Plaintiff for failing to file a report of an incident to which he was a witness. The charges were dismissed as the sheriff ordered him to submit a report, which he did.

[McGovern Dep. Vol. II, page 111, line 22 to page 113, line 7; Vol. III, page 41, line 18 to page 42, line 10]

**Denied as phrased. Sheriff Cassidy ordered, did not ask, that disciplinary charges be initiated against the Plaintiff. Plaintiff admits that the charges were later dismissed, but denies that the basis for the dismissal was the submission of a report as the report was submitted prior to the Sheriff ordering the initiation of the charges.**

18.     Other events that Plaintiff alleges such as being the subject of a joke when cheese was hung on a screening machine at an entrance to the courthouse cannot be said to be retaliatory under the civil rights statute by the employer for McGovern's asserting a right or filing, "petitioning," in court a criminal or civil complaint.

**Denied.**

19.     In the Court's first opinion it decided at least twice that Plaintiff could not prove conspiracy. First it was so held in that portion of the brief applicable to the Jersey City Defendants at page 17. Secondly at pages 26-28 it was so held as to defendants, including the Hudson County Defendants, that there was no conspiracy demonstrated under sections 1985 and 1986 of the Civil Rights Act.

**Plaintiff admits that the Court in its opinion in its opinion of January 6, 2006, stated that a claim against Jersey City for a § 1983 conspiracy premised upon allegations of denial of access to courts and denial of medical attention, could not be sustained without an ability to establish violations of access to courts and denial of medical attention. However, the Plaintiff has alleged other constitutional violations for which the § 1983 conspiracy claims remain viable against Jersey City.**

**Plaintiff admits that the Court in its opinion of January 6, 2006, stated that the claims under 42 U.S.C. § 1985(2) were not able to withstand that summary judgment motion.**

**Plaintiff also admits that as a consequence, the claims raised under 42 U.S.C. § 1986, were not able to proceed.**

**Plaintiff denies that the Court's opinion indicated that the Plaintiff could not pursue a § 1983 conspiracy claim for conspiracy to violate the Plaintiff's other alleged constitutional rights.**

20.  The Sheriff's Department, as a result of the Park Tavern Incident, did <u>not</u> investigate McGovern, did not charge him with disciplinary action, and aided him in getting to the Jersey City Police Dept. to identify his alleged assailants.

**Plaintiff denies the Sheriff's Department did not investigate him, as Sheriff's Lieutenant Nolan, who was in charge of Internal Affairs for the Sheriff's Office, testified that he <u>did</u> initiate an investigation of the Plaintiff as a result of the Park Tavern incident. Moreover, the Sheriff's Office did not aid, but ordered, the Plaintiff to accompany Sgt. Appleton to the Jersey City police department when he provided his videotaped statement.**

21.  No promotion to Sergeant is possible until the appropriate opening is created in the chain of command and other Civil Service requirements have been met.

**Plaintiff admits that civil service has a process that would apply to promotions to Sergeant, but denies that Defendant Sheriff has not determined when to make the "appropriate opening."**