| | |
|---|---|
| **SEAN McGOVERN,** | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEW JERSEY** |
| | |
| | **CIVIL ACTION NO.: 98-5186 (JLL)** |
| **Plaintiff,** | |
| | |
| **vs.** | |
| | |
| | **RETURN DATE:** |
| **CITY OF JERSEY CITY, et al.** | **TO BE ASSIGNED BY THE COURT** |
| | |
| **Defendants.** | |

---

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

---

**LAW OFFICE OF**
**D. GAYLE LOFTIS, ESQ.**
**210 RIVER STREET, SUITE 32**
**HACKENSACK, NEW JERSEY 07601**
**(201) 646-9141**
**Attorney for Plaintiff, Sean P. McGovern**

**On the Brief,**
 **D. Gayle Loftis, Esq.**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      **BOTH THE FAILURE TO PROMOTE AND THE FILING OF THE NICCO-RELATED DISCIPLINARY CHARGE SHOULD NOT BE EXCLUDED BY THE COURT AS THEY WERE ADDRESSED BY THE PARTIES IN DISCOVERY AND CONTAINED IN THE PRE-TRIAL ORDER THAT WAS SUBMITTED AND FILED WITH THE COURT**

      POINT II. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
      **JOSEPH CASSIDY WOULD NOT BE ENTITLED TO QUALIFIED IMMUNITY FOR THE IMPOSITION OF THE NICCO-RELATED DISCIPLINE NOR THE FAILURE TO PROMOTE PLAINTIFF**

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Alston v.  Parker, 363 F.3d 229, 233 at FN6 (3rdCir.  2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Anderson v.  Davila, 125 F.3d 148 (3rdCir.  1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Bennis v. Gable, 823 F.2d 723, 733 (3rdCir.  1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Czurlanis v.  Albanese, 721 F.2d 98 (3rdCir.  1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Garrett  v.  United Sates Dept.  of Veterans,
 No.05-1164, 2007 WL 1875535 at 2 (D.N.J. June 28, 2007). . . . . . . . . . . . . . . . . . . . . 14

Gibson v.  Mayor and Council of City of Wilmington,
 355 F.3d 215, 225 FN4 (3rdCir.  2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Leatherman v.  Tarrant County Narcotics Intelligence
 and Coordination Unit, 507 U.S. 163 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McDonald v.  Smith, 472 U.S. 479 at 485 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Robb v.  City of Philadelphia, 733 F.2d 286, 295 (3rdCir.  1984) . . . . . . . . . . . . . . . . . . . . . . . 13

San Filippo v.  Bongiovanni, 30 F.3d  424 (3rdCir.  1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Suppan v.  Dadonna, 203 F.3d 228, 234-235 (3rdCir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Swierkiewicz v.  Sonora, 534 U.S. 506 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Thomas v.  Independence Tp., 463 F.3d 285 (3rdCir.  2005). . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

United States v.  Compaction Systems Corp.,
 88 F.Supp.2d 339 (D.N.J. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Waters v.  Chaffin, 684 F.2d 833, 837 n.  9 (11th Cir.  1982). . . . . . . . . . . . . . . . . . . . . . . . . . 13

Werner v.  Werner, 267 F.3d 288, 267  F.  296-297 (3rdCir.  2001). . . . . . . . . . . . . . . . . . . 10, 11

**FEDERAL STATUTES**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL COURT RULES**

Fed. R. Civ. P. 7.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P.  8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

**FEDERAL RULES OF EVIDENCE**

Fed. R. Ev.  201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF MATERIAL FACTS

1.      A Motion for Summary Judgment was made on behalf of the Defendants, County of Hudson and Sheriff Joseph Cassidy in February of 2007.

2.      On September 28, 2007, the Motion was decided and an Opinion was rendered by the Honorable Jose L. Linares, U.S.D.J.. **Loftis Cert.  ¶3, Exh.  A-7.**

3.      Incorporated with the Opinion of the Court on Page 4 at Footnote 5, was an indication by the Court that as two specific allegations of retaliation did not appear in the Third Amended Complaint, the County would not consider the allegations to be part of Plaintiff's Petition Clause claims. **Loftis Cert.  ¶3, Exh.  A-7.**

4.      The specific allegations which the Court stated it did not consider in rendering it's Opinion were:

      a.      Filing of a Disciplinary charge against the Plaintiff for his failure to file a formal report pertaining to an incident at Nicco's Restaurant that occurred in February of 1999; and

      b.      Refusing to promote Plaintiff to the rank of Sergeant subsequent to September of 2003.

**Loftis Cert.  ¶3, Exh.  A-7.**

5.      The Court's Opinion did not make note of the contents of the Pre-Trial Order signed by the parties and entered on the Court's Docket on September 17, 2004.

6.      The Plaintiff's Third Amended Complaint which filed on February 11, 2003, noted that , that a number of events and actions had taken place directed against the Plaintiff resulting in a retaliatory campaign of harassment which took place subsequent to the filing of the initial Complaint in this matter.  The allegation was set forth in Paragraph 125 of Count Eleven and clearly stated that the

examples set forth in the Third Amended Complaint, were not exclusive examples, but were illustrative. **Loftis Cert.  ¶3, Exh.  A-1.**

7.       Discovery was conducted by the Defendants, including Hudson County, on the issues of the failure to promote Plaintiff to Sergeant subsequent to September of 2003, as well as the disciplinary charges ordered to be filed against the Plaintiff by Sheriff Cassidy relative to the Nicco's Restaurant incident in February of 1999 **Loftis Cert.  ¶3, Exh.  B-1 through B-4; C-1 through C-9.**

8.       On February 4, 2004, the Honorable Ronald J.  Hedges, U.S.M.J., entered an Order which permitted the Plaintiff to submit an economist report concerning the damages resultant from, among other acts, the failure to promote to Sergeant. **Loftis Cert.  ¶3, Exh.  A-2.**

9.       The Plaintiff provided the defense with an economist report indicating the damages that resulted from the Sheriff's refusal to promote the Plaintiff. **Loftis Cert.  ¶3, Exh.  C-1.**

10.       On September 17, 2004, a Pre-Trial Order was entered in the case by the Honorable Ronald J. Hedges, U.S.M.J..  The Pre-Trial Order was signed by all parties and contained the requisite sections required by the Honorable Jose L. Linares, U.S.D.J..

11.       Within the Pre-Trial Order, the Plaintiff set forth  within  Section 4, Plaintiff's Contested Facts, numbered 465-469, 472-475, 596-601 and 621-631, references to facts pertaining to both the 1999 Nicco's Restaurant  incident and the failure to promote the Plaintiff to the rank of Sergeant following September of 2003. **Loftis Cert.  ¶3, Exh.  A-3.**

12.       Contained within the Pre-Trial Order, Section 8,  were listed potential exhibits of  the County.  The Defendant County included  in its exhibits: 62-63, 48-51, exhibits relative to both the 1999 Nicco's matter and to the Sergeant's test  which was certified on September of 2003.  **Loftis Cert.  ¶3, Exh.  A-4.**

13.       Contained within the Pre-Trial Order, Section 8,  were listed potential exhibits of  the

Plaintiff, exhibits:   126-127, 145, 55 -57,  relative to both the 1999 Nicco's matter and to the Sergeant's test  which was certified on September of 2003.  **Loftis Cert.  ¶3, Exh.  A-4.**

14.     Also included within the Pre-Trial Order in Section 9, among the Single List of Legal Issues, was issue #59, "Did the Hudson County Sheriff's Office engage in retaliatory First Amendment violations in regard to refusal to make promotions to the rank of Sergeant?". **Loftis Cert.  ¶3, Exh. A-5.**

15.     Also included within the Pre-Trial Order in Section 9, among the Single List of Legal Issues, was issue #56, " Could any of the actions of Joseph Cassidy consider to be retaliatory First Amendment violations of the Plaintiff.  **Loftis Cert.  ¶3, Exh.  A-5.**

16.     In its motion filed in February of 2007, the County  indicated in its Statement of Material Facts numbers ##17 and 21 (and to which the Plaintiff responded)  references  to the Nicco's incident and to the promotional issue within the case. **Loftis Cert.  ¶3, Exh.  A-6.**

17.     As the Court's Opinion of September 28, 2007,  indicated that it was not considering the Plaintiff's alleged retaliatory acts pertaining  to the failure to promote him to Sergeant and the initiation of the disciplinary charges pertaining to the 1999  Nicco's Restaurant incident, it did not address the availability of the defense of Qualified Immunity for the Defendant Joseph Cassidy for those acts of alleged retaliation. **Loftis Cert.  ¶3, Exh.  A-7.**

18.     This motion is filed timely within ten business of the issuance of the September 28, 2007 Order, as October 8, 2007 was a holiday and is not included in the calculation of time within which to file the Motion for Reconsideration.

19.     The parties have amended the pleadings by express or implied consent to include the issues of damage from the alleged failure of the Sheriff to promote the Plaintiff since September of 2003 and from the issuance of disciplinary charges in April of 1999.

**LEGAL ARGUMENT**

**POINT I**

**BOTH THE FAILURE TO PROMOTE AND THE FILING OF
THE NICCO-RELATED DISCIPLINARY CHARGE SHOULD
NOT BE EXCLUDED BY THE COURT AS THEY WERE
ADDRESSED BY THE PARTIES IN DISCOVERY AND
CONTAINED IN THE PRE-TRIAL ORDER THAT WAS
SUBMITTED AND FILED WITH THE COURT**

In the Court's opinion at footnote 5, it is indicated that the Court did not consider submissions of the Plaintiff relative to two areas which Plaintiff submitted to be retaliatory actions on the part of the Defendant Joseph Cassidy and the County of Hudson. The two areas of allegation are: 1) the disciplinary charges that were instituted and filed against the Plaintiff at the direction of the Sheriff for an alleged failure to file a report on a February 1999 incident which occurred between an undersheriff of the department and an ex-mayor of Jersey City; and 2) the refusal after September 2003 to promote the Plaintiff to the rank of Sergeant.

The opinion indicates that the Court did not consider these matters as they did not appear in the Third Amended Complaint. Pursuant to L.Civ.R. 7.1(i), the Plaintiff submits this Motion for Reconsideration by the Court of its Opinion filed on September 28, 2007, and submits that the Court has overlooked case law which does not require a Plaintiff to submit detailed factual allegations within his Complaint. Instead, Fed.R.Civ.P 8(a) requires a Plaintiff to plead only the elements necessary to establish a claim upon which relief may be granted. Thomas v. Independence Tp., 463 F.3d 285 (3rdCir. 2005); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993); Swierkiewicz v. Sonora, 534 U.S. 506 (2002). "Should more facts be necessary to define the disputed facts and issues, we noted that other procedural mechanisms, such as discovery, are available." Alston v. Parker, 363 F.3d 229, 233 at FN6 (3rdCir. 2004).

In order to plead a retaliation claim, a Plaintiff must only allege constitutionally protected conduct, retaliatory action, and a causal link between the constitutionally protected conduct and the retaliatory action. Thomas v. Independence Tp., *supra*. Pertaining to the movant in the motion decided on September 28, 2007, the Plaintiff alleged in Count Eleven that the movant had engaged in a retaliatory campaign of harassment against him in violation of his First Amendment rights. He set forth non-exclusive examples of the retaliatory actions that he asserted had been engaged in since the filing of the complaint with the Court, and that the actions served to deprive the Plaintiff of his constitutional rights and caused him to incur economic, psychological and physical harm and damage. Loftis Certification, ¶**, Third Amended Complaint ¶¶ 124-125, 142-145.

Relative to this application, the Court noted in its opinion at page 2 that Counts Three and Eleven of the Plaintiff's Third Amended Complaint alleged violations by Defendants Joseph Cassidy and Hudson County of his First Amendment rights for which he plead violations of 42 U.S.C. § 1983. In Count Eleven, it was stated at paragraph 125:

> 125. **Since the filing of the Complaint, the Plaintiff has been subjected to a retaliatory campaign of harassment** in violation of his First and Fourteenth Amendment rights under the federal Constitution. As will be subsequently set forth in this Complaint by way of **non-exclusive example and illustration**, said campaign has been accomplished by means of a variety of events and actions in the workplace of the Plaintiff and have been engaged in jointly, severally and with condonation and ratification by the Defendants named in this Supplemental pleading.

[Emphasis added.]

During discovery, the defense was placed on notice that the initiation of the Ricco-disciplinary charge and the failure to promote the Plaintiff to Sergeant, were alleged to be among the acts of the retaliatory campaign of harassment alleged by Plaintiff in the Third Amended Complaint. The February 4, 2004 Order of Hon. Ronald J. Hedges, of which this Court may take Judicial Notice, permitted the Plaintiff to obtain an economist report to address damages resultant from the Plaintiff not being promoted to the Sergeant rank, as well as a calculation of damages from his

5

allegations of a loss of overtime opportunities.  Fed.R.Ev.  201;  Loftis Certification, ¶**, 2/24/04 Order of Hon.  Ronald J.  Hedges.

Moreover, the Pre-Trial Order entered by these parties on September 17, 2004 includes numerous references to those specific matters as well.  The Plaintiff's Contested Facts Section referenced facts which pertained to both issues, the Nicco-disciplinary charges and the Sergeant promotion,  at Facts numbered 465-469, 472-475, 596-601 and 621-631:

465.   In 2003, the Sheriff's Office made a request to the State Department of Personnel to conduct a promotional examination for the purpose of certifying individuals for promotion to the supervisory position of Sheriff's Office Sergeant.

466.   The Plaintiff was certified and ranked #2 on the Sheriff's Office Sergeant's Promotional List that was issued on 9/11/03.

467.   The base wage for Sergeants (as of that point in time) was $64,155.

468.   The Hudson County Sheriff's Office had earlier requested that the State Department of Personnel conduct a test in order to have a pool of eligible persons available from which promotions to Sergeant could be made.

469.   As a means of retaliation against the Plaintiff and the other top ranked persons who have also made known objections to the actions of Joseph Cassidy or to persons closely associated with him, Joseph Cassidy, as the Sheriff of Hudson County, has refused to make any Sergeants on the list.

472.   Plaintiff has been told by others in the department that the Sheriff has stated he will not make/promote officers to Sergeant so long as Plaintiff is ranked #2 on the list.

473.   The difference between the base pay being paid to the Plaintiff as a Sheriff's Officer and that he would receive as a Sergeant, was $18,631 for the year 2003.7 and $20,667 for the year 2004.32 or a total of $39,298.

474.   The difference in earning potential between what the Plaintiff could have received as a Sergeant if he had been promoted by Sheriff Cassidy in September of 2003 would be $26,960 from 9/11/03-4/04.

475.   From April 2004 to the point where he reached age 65 (2003.91) the Plaintiff would have been expected to have earned an additional $3,004,203, or a discounted sum of $1,704,067 if he had been promoted as Sergeant at the time the list was certified.

596.    On 2/21/99, the Plaintiff was present at Nicco's Restaurant when a dispute took place between Undersheriff Budinick and prior Jersey City Mayor Gerry McCann.

597.    Until Joseph Cassidy became aware the Plaintiff was present at the scene, no action was taken relative to the events.

598.    Once Joseph Cassidy became aware that Plaintiff was present at that event, Joseph Cassidy ordered that an investigation be conducted by Internal Affairs.

599.    The Internal Affairs investigation of Lt. Nolan determined that Plaintiff had not engaged in any improper actions and had not violated any order, as Plaintiff had not been compelled by the Undersheriff (who was present at the scene), to file a report.

600.    Lt. Nolan of Internal Affairs indicated to the Sheriff that he (Nolan) did not recommend any charges be brought against Plaintiff. *

601.    The Sheriff over-ruled Nolan and insisted that Nolan prepare charges.

621.    The incident at Nicco's Restaurant occurred on 2/21/99 and was during the period of time that Defendant Sharrock was employed by Jersey City Police Department and not by the Hudson County Sheriff's Office.

622.    Following the Nicco's Restaurant matter, Sharrock relayed to Budinick that Cassidy was "pissed off" that Budinick had never told Cassidy that McGovern was at Nicco's.

623.    To the best recollection of Budinick, that conversation took place in person with James Sharrock.

624.    In the Spring of 1999, Budinick was compelled by the Sheriff to provide a report to Internal Affairs relative to his actions and the involvement of Sean McGovern of the matter at Nicco's.

625.    Joseph Gallo testified that he was present with Sean McGovern when Budinick and Alex Booth requested them to come to the County Executives Conference Room.

626.    While present in the room, Marty Budinick received several telephone calls which he was not answering.

627.    Eventually, Budinick returned a call to Sharrock, who had been calling him.

628.    Due to the volume of either the caller or the phone, McGovern could hear what was being said to Budinick over the telephone for portions of the conversation.

629.    In the conversation, Plaintiff was able to hear reference made to Sharrock that Budnick should have told Cassidy that McGovern was involved because he had " he has a lawsuit against the City".

630.    Sharrock is known to be a friend to Joseph Cassidy.

631.    Joseph Cassidy has made comments to Joseph Gallo that indicate that Cassidy  considers McGovern to be an adversary.

The parties further noted within the Pre-Trial Order, Section 9 denoted "Single List of Legal Issues", the following issues to be tried:

59.    Did the Hudson County Sheriff's Office engage in retaliatory First Amendment violations against the Plaintiff in regard to a refusal to make promotions to the rank of Sergeant?

56.    Could any of the actions of Joseph Cassidy be considered to be retaliatory First Amendment violations  against the Plaintiff?

Several Exhibits included in both the Defense and Plaintiff Exhibit lists, referenced the two specific issues as well.  Specifically, for the Defense -County it included:

| Ex. | Description |
|---|---|
| 62. | Promotional Announcement Sergeant's Test of 10/1/02 |
| 63. | Receipt Acknowledgment Sheets from Promotional Announcement. |
| 48. | 2/26/99 Memo from Lt. Nolan to Sean McGovern Concerning Reports Submitted by Sean McGovern on 2/25/99. |
| 49. | 3/23/99 Memo to Lt. Nolan from Joseph Cassidy Concerning IA No. 99-03. |
| 50. | 3/31/99 Memo from Lt. Nolan to Sheriff Cassidy Concerning Disciplinary Action IA No 990-03. |
| 51. | 4/1/99 Memo from Lt. Nolan to Sean McGovern Concerning Minor Disciplinary Action. |

Plaintiff's Pre-Trial List of Exhibits included:

| Ex. | Description |
|---|---|
| 126. | Sheriff's Office Sergeant List Certified and Issued 9/11/03 by New Jersey State Department of Personnel |
| 127. | 9/3/03 Sheriff's Officer Sgt.  Promotion List |

| Ex. | Description |
|---|---|
| 146. | Economist Report of Dr.  Richard Ruth 4/12/04 |
| 55. | 2/25/99 HCSO Report To: HCSO Internal Affairs Fr: Plaintiff  Re: per Your Request [ Reference to an Incident at Nicco's Restaurant] |
| 56. | 2/26/99 HCSO Internal Affairs Unit Memo To: Sean McGovern Fr: Lt. Nolan Re: Report Submitted by You on February 25, 1999 |
| 57. | 4/1/99  HCSO Internal Affairs Unit Memo To: Sean McGovern Fr: Lt. Nolan Re: Minor Disciplinary Action |

Fed.R.Civ.P. 16(e) provides that the contents of a Final Pretrial Order are controlling for subsequent proceedings.  Consequently, the parties were on notice from that Order  that the Nicco's disciplinary charge and the failure to promote the Plaintiff to Sergeant,  were two trial issues intended by the parties to be included within the issues raised by the Complaint.  It would be manifestly unfair to the Plaintiff for the Court  to not consider those allegations in regard to Plaintiff's asserted violations of his First Amendment Petition claims, particularly where the issues were present in the Pretrial Order, addressed in discovery between the parties, and noted in the relevant  exhibits of both Plaintiff and County.  *Cf.*  Gibson v.  Mayor and Council of City of Wilmington, 355 F.3d 215, 225 FN4 (3rdCir.  2004) [for the proposition that issues for trial as contained in a Final Pretrial Order are controlling for subsequent action in a case and any modification requires a finding of the existence of "manifest injustice" that requires modification by entry of an order subsequent to the Pretrial].

Alternatively, Fed.R.Civ.P. 15(b) presently permits pleadings to be amended to conform to the evidence,  as late as during a trial, or even on appeal.  As stated in the rule:

**Rule 15(b)**
**Amendments to Conform to the Evidence.**
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to

9

the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.  If evidence is objected to at the trial on the ground that is not within the issues made by the pleadings, the court may allow the pleadings to be amended ***and shall do so freely when the presentation of the merits of the action will be subserved thereby*** and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.  The court may grant a continuance to enable the objecting party to meet such evidence.

[Emphasis added].

An amendment of a pleading, even at trial, is to be freely permitted, particularly where the

opposing party cannot establish prejudice by its amendment. [1] Werner v. Werner, 267 F.3d 288, 267

---

[1]  Effective December 1, 2007, Fed.R.Civ.P. 15 is to be amended to read:

Rule 15.  Amended and Supplemental Pleadings
(a)      Amendments Before Trial.
    (1)      Amending as a Matter of Course.  A party may amend its pleading once as a matter of course:
        (A)      before being served with a responsive pleading; or
        (B)       within 20 days after serving the pleading is not allowed and the action is not yet on the trial calendar.
    (2)      Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.
    (3)      Time to Respond.  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of th amended pleading, whichever is later.

(b)      Amendments During and After Trial.
    (1)      Based on an Objection at Trial.  If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended.  The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.  The court may grant a continuance to enable the objecting party to meet the evidence.
    (2)      For Issues Tried by Consent.  When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.  A party may move - at any time, even after judgment - to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.  But failure to amend does not affect the result of the trial of that issue.

F. 296-297 (3rdCir. 2001).   Indeed, amendment to a pleading may be undertaken <u>after</u> entry of final

judgment and on appeal.   Id.

It is respectfully submitted that if the Final Pretrial Order *sub judice* did not control as to the

issues that were present for trial determination, then the Plaintiff should be entitled to amend his

pleadings by virtue of the application of   Fed.R.Civ.P. 15(b) to include the issues of the Nicco-

disciplinary charge and the failure to promote the Plaintiff to the rank of Sergeant.   Discovery in this

matter incorporated not only notice to the defense that the issues were considered to be a component

of the retaliatory campaign of harassment engaged in by the Defendants, and in retaliation to the

protected   activity of the Plaintiff, but the defense was also provided an opportunity to cross-

examine, question, and defend against the allegations pertaining to the two acts noted previously

*supra.*

Amendment of the pleadings to conform to the evidence is appropriate.   No additional

discovery is required, and no further amendment of the Pretrial Order would be required.   Plaintiff

would request the opportunity to amend the Complaint, should the Court determine that a formal

amendment is required, or that it does not consider the pleadings already amended by express or

implied consent of the parties.

**POINT II**

**JOSEPH CASSIDY WOULD NOT BE ENTITLED TO QUALIFIED IMMUNITY FOR THE IMPOSITION OF THE NICCO-RELATED DISCIPLINE NOR THE FAILURE TO PROMOTE**

The Court's opinion at pages 26-29 rendered its determination that Defendant Joseph Cassidy would be entitled to qualified immunity. The opinion was premised upon an absence of case law that would have established to Joseph Cassidy that it was constitutionally prohibited for him to engage in the commission of factually similar alleged retaliatory acts or conduct in retaliation for an employee's exercise of protected conduct. However, as noted in the prior point, the Court had overlooked the contents of the Pre-trial Order entered by the Court in 2004. That Order specifically included as trial issues intended by the parties to have been included within the issues raised by the Complaint, both the April 1999 Nicco's disciplinary charge and the failure to promote Plaintiff to Sergeant subsequent to September of 2003.

Unlike the issues addressed by the Court in its opinion, there was Circuit case law in existence at the time of the imposition of the Nicco-disciplinary charge (1999) and the failure to promote (after September 2003), which would have, or should have, given notice to Joseph Cassidy that taking such retaliatory conduct was constitutionally prohibited if taken in response to an employee's engagement in protected activity. Although many of the decisions pertain to First Amendment claims which entwine, or do not distinguish, First Amendment claims made under the petition and speech clauses, those cases do stand for the propositions that an employer may not engage in certain types of conduct if retaliatory.

As stated by the Circuit Court of Appeals in <u>San Filippo v. Bongiovanni</u>, 30 F.3d 424 (3rdCir. 1994) (citing to <u>McDonald v. Smith</u>, 472 U.S. 479 at 485 (1985)):

The Petition Clause, however, was inspired by the same ideals of liberty and democracy that gave us the freedoms to speak, publish, and assemble.  These First Amendment rights are inseparable, and there is no sound basis for granting greater constitutional protection to statements made in a petition to the President than other First Amendment expressions.

Since 1987, the Third Circuit Court of Appeals has endorsed the rationale that it is the governmental engagement in an act that adversely affects an individual's employment interest in retaliation for the exercise of first amendment rights, that is the constitutionally prohibited action, rather than the nature or extent of the act taken.  Bennis v. Gable, 823 F.2d 723, 733 (3rdCir. 1987) "The constitutional violation is not in the harshness of the sanction applied, but in the imposition of any disciplinary action for the exercise of permissible free speech." Id. at 731 citing to Waters v. Chaffin, 684 F.2d 833, 837 n. 9 (11th Cir. 1982) [dismissal and transfer]; See Robb v. City of Philadelphia, 733 F.2d 286, 295 (3rdCir. 1984) [transfer and refusal to promote in retaliation for refusal to settle private lawsuit, his union activity and comments to the press], Czurlanis v. Albanese, 721 F.2d 98 (3rdCir. 1983) [disciplinary action in the form of suspension].  Surveillance of an employee initiated after he filed an EEOC Complaint and a notice of intent to sue, violated first amendment rights of public employee.  Anderson v. Davila, 125 F.3d 148 (3rdCir. 1997).  Lowered rankings and a failure to promote  individuals who had engaged in protected first amendment activity, has also been found to be conduct that can violate an individual's constitutional rights. Suppan v. Dadonna, 203 F.3d 228, 234-235 (3rdCir. 2000).

Therefore, the status of the case law of this Circuit as it existed prior to 1999 provided a basis by which Defendant Joseph Cassidy was placed on notice that if he engaged in the imposition of disciplinary actions or refused to promote the Plaintiff as retaliation for Plaintiff's exercise of first amendment rights, he would be engaging in constitutionally prohibited conduct.  Qualified Immunity should be denied to Joseph Cassidy as to those two issues.

## <u>CONCLUSION</u>

Three grounds exist for the grant of a Motion for Reconsideration: 1) an intervening change in controlling law; 2) the availability of previously un-available evidence; and 3) in order to correct a clear error of law or prevent manifest injustice. <u>Garrett v. United Sates Dept. of Veterans</u>, No.05-1164, 2007 WL 1875535 at 2 (D.N.J. June 28, 2007).  In light of the contents of the PreTrial Order, and the policies and language of  Fed.R.Civ.P. 8(a), Fed.R.Civ.P. 16(e), and Fed.R.Civ.P. 15(b), together with  the case law cited herein,  this Motion for reconsideration should be granted.

 It is respectfully submitted that the Court has overlooked the contents of the Pre-trial Order and the effect of that Order on the pleadings or issues identified by the parties to remain for trial resolution.  Consideration of whether the pleadings had been amended, by express or implied consent, might reasonably have resulted in a different conclusion of the issues presented in the Motion of the County and Joseph Cassidy.   <u>United States v.  Compaction Systems Corp.</u>, 88 F.Supp.2d 339 (D.N.J. 1999) .  As the Court premised its opinion on the availability of the defense of qualified immunity without the consideration of the two noted issues, it is required to re-visit that issue in light of the presence of the issues and case law.

It is respectfully submitted that the Plaintiff should be entitled to submit to a jury the issue of whether the issuance of the Nicco-disciplinary charge in 1999 and the failure to promote Plaintiff to Sergeant, were retaliatory acts taken by Joseph Cassidy in response to the Plaintiff's exercise of his First Amendment rights.  As to those issues, Joseph Cassidy should be denied the defense of qualified immunity as the Plaintiff's rights to be free from such retaliatory actions, was a right clearly established at the time those actions were taken.

If a formal amendment of the Complaint is required, the Plaintiff specifically requests such permission pursuant to Fed.R.Civ.P. 15(b), to provide the amendment so as to conform to the

contents of the Pre-trial Order.

**s/ D. Gayle Loftis (DL6184)**
**D. GAYLE LOFTIS. ESQ.**
**210 River Street**
**Suite 32**
**Hackensack, New Jersey 07601**
**Telephone:**    **(201) 646-9141**
**Fax:**         **(201) 488-7029**
**Dgloftis@aol.com**
**Dgloftis@dgloftislaw.com**
