# Law Offices
# D. Gayle Loftis

210 River Street ◆ Hackensack ◆ New Jersey 07601

Telephone (201) 646-9141

Telecopier (201) 488-7029

November 2, 2007

**VIA ELECTRONIC FILING AND**
     **COURTESY COPY BY LAWYERS SERVICE**

Honorable Jose L. Linares, U.S.D.J.
United States District Court
50 Walnut Street, Room 5054
Newark, N.J. 07102

      RE:    **McGOVERN v. CITY OF JERSEY CITY, et al.**
              **CIVIL ACTION NO.: 98-5186 (JLL)**
              **Reply to County of Hudson Opposition**
              **Motion Return Date: November 12, 2007**

Dear Judge Linares:

      Kindly accept this Letter-Brief in Reply to the materials submitted by the County of Hudson to Plaintiff's Motion for Reconsideration.

      The County appears to have conceded Point I of the Movant's Motion, in that the issues involved in the Nicco's Restaurant disciplinary charges and the Failure to Promote Plaintiff to Sergeant, were considered by the parties to be acts of retaliation alleged by the Plaintiff and included in what the Third Amended Complaint alleged to have been examples of retaliation within a retaliatory campaign of harassment in Paragraph 125. Consequently, it is submitted that those particular actions should have been considered to be subject to the application of Fed.R.Civ.P. 15(b), and addressed by the Court "as if they had been raised in the pleadings." Fed.R.Civ.P. 15(b).

      However, the Defendant had failed to address the significant impact of the opinion of the United States Supreme Court in <u>Burlington Northern & Santa Fe Rwy. Co. v. White</u>, 126 S.Ct. 2405 (2006). That opinion pronounced a change in the manner by which retaliation claims are to be approached by the courts.[1] As the courts within this Circuit have assessed Section 1983 claims and Title VII claims in a similar manner, the reasoning of the Supreme Court in <u>Burlington Northern</u>,

---

[1] The opinion was issued subsequent to this Court's original summary judgment opinion on January 6, 2006 and was not available for its consideration in weighing the arguments of the parties at that January of 2006.

a Title VII case, is also applicable in the matter *sub judice*. Id; *See* Behrens v. Rutgers University, 1996 WL 570989 (D.N.J. 1996); Johnson v. McGraw -Hill Companies, 451 F.Supp.2d 681 (W.D.Pa. 2006) [ADEA and ADA claims]; Grosso v. Federal Express Corporation, 467 F.Supp.2d 449 (E.D.Pa 2006) FMLA claims ; and Walsh v. Irvin Stern's Costumes, 2006 WL 2380379 (E.D.Pa 2006) [the Pennsylvania Human Relations Act ].

Burlington Northern rendered determinations and direction on three significant issues. First, it determined that a Plaintiff could assert the a cause of action based upon retaliatory acts that took place outside of and unrelated to the workplace - Plaintiff need not be limited to only action that has taken place within the workplace. Burlington Northern & Santa Fe Rwy. Co. v. White, *supra* at 2411-14. Second, the action is considered to be of sufficient seriousness if it might have dissuaded a reasonable worker from making or supporting the underlying right. Id. at 2415. [2] Third, the Court found that the determination as to whether a particular retaliatory action could have dissuaded a reasonable worker from assertion of his or her rights, is a jury question subject to evidence in the record adequate support of that jury determination. Id. at 2416.

The Third Circuit has similarly determined that a jury is the entity to determine if a particular action, when considered among the actions as a whole, is of sufficient to constitute retaliation that might dissuade a reasonable worker from assertion of his rights. Moore v. City of Philadelphia, 461 F.3d 331, 346-47 (3d.Cir. 2006). The Plaintiff in this matter produced in opposition to the County Motion for Summary Judgment, evidence that Joseph Cassidy had directed the implementation of the disciplinary charges against the Plaintiff, for an incident that occurred at Nicco's Restaurant in which Plaintiff was not involved but only present. See Plaintiff's Counter-Statement of Facts, Fact #27 citing to 3/29/07 Loftis Cert. ¶4 Exh. B-10, and A-22, p. 183. The Plaintiff also produced evidence to support his position that the Sheriff did not promoted him to Sergeant retaliatory his initiation of complaints and litigation. See Plaintiff's Counter-Statement of Facts, Fact #89-93 citing to 3/29/07 Loftis Cert. ¶3 Exh. A-18, Sean McGovern Dep. Vol. IV T123 thru T127; ¶4 Exh. B-7, B-12; ¶5 Exh. C-2, Certification of Sean McGovern, ¶56; and C-6, Certification of Jose Gonzalez. The Plaintiff therefore produced evidence to dispute the position of the Sheriff that his failure to promote the Plaintiff was an act taken for a non-retaliatory reasons.

The animosity of the Sheriff against the Plaintiff, as one "act of the play", was noted by the Plaintiff in his opposition to the Motion. Id.; Andrews v. City of Philadelphia, , 895 F.2d 1469, 1484 (3d.Cir. 1990). Contrary to the assertion of the County in its opposition Letter-brief, the same animosity calls for a jury to evaluate and determine whether or not the acts of the Sheriff were retaliatory and designed to dissuade or punish the Plaintiff for his exercise of his petition rights. Those findings of the Court in its September 28, 2007 decision are applicable to the two matters

---

[2] The right in Burlington Northern was the right to be free of discrimination in the workplace under Section 703(a) of Title VII. The right in this case is McGovern's First Amendment Petition rights.

**Honorable Jose L. Linares, U.S.D.J.**
**November 2, 2007**

**Page 3**

raised on the Plaintiff's motion for Reconsideration. See opinion at p. 21-26.

    In conclusion, it is respectfully submitted that the Plaintiff's Motion for Reconsideration should be granted. The two issues of Point I should be considered as possible acts of retaliation which should be permitted to proceed to jury determination. Moreover, as Cassidy was individually involved in both actions and as Plaintiff's Point II addresses, the status of case law which existed at the time the actions were taken were sufficient to have placed Cassidy on notice that such actions were prohibited. He should not be entitled to qualified immunity on those actions.

        Respectfully Submitted,

        **s/ D. Gayle Loftis (DL6184)**
        **D. GAYLE LOFTIS. ESQ.**
        **210 River Street**
        **Suite 32**
        **Hackensack, New Jersey 07601**
        **Telephone:  (201) 646-9141**
        **Fax:          (201) 488-7029**
        Dgloftis@aol.com
        Dgloftis@dgloftislaw.com