UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

January 2, 2007

Re:   **McGovern v. City of Jersey City, et al., No. 98-5186**
      **Motion for Reconsideration**

Dear Parties:

Currently before the Court is Plaintiff Sean McGovern's motion for reconsideration pursuant to L. Civ. R. 7.1(i). Plaintiff asks the Court to reconsider its September 27, 2007 opinion and order granting in part and denying in part Defendants' motion for summary judgment on Plaintiff's First Amendment retaliation claim under 42 U.S.C. § 1983. For the reasons set forth below, the Court grants Plaintiff's motion.

**I.   Factual and Procedural History**

The parties are familiar with the facts: they were recited fully in the Court's January 6, 2006 opinion and reiterated briefly in its September 27, 2007 opinion. Therefore, the Court will only recount an abridged version of the facts relevant to this motion in this letter opinion.

Plaintiff is a sheriff's officer with the Hudson County Sheriff's Office ("Sheriff's Office"). Defendants are Hudson County, the Sheriff's Office, and Hudson County Sheriff Joseph Cassidy (collectively, the "Hudson County Defendants" or "Defendants"). On November 27, 1997, Plaintiff was involved in an altercation with various members of the Jersey City Police Department--including Patricia Cassidy, Sheriff Cassidy's daughter, and Richard Garrison, Patricia's one-time boyfriend--outside the Park Tavern in Jersey City. Plaintiff filed various petitions arising out of this incident, including the instant action in which he alleges, *inter alia*, that Sheriff Cassidy retaliated against him for filing such petitions in violation of the First Amendment.

On January 6, 2006, this Court granted the Hudson County Defendants' motion for summary judgment as to Plaintiff's First Amendment speech claims and addressed other various motions for summary judgment. See Opinion (Jan. 6, 2006) at p. 24. The Court did not review

Plaintiff's Petition Clause claims at that time as the Hudson County Defendants had not briefed said issue. See id. at p. 24 n.8. Therefore, the Court denied Defendants' motion for reconsideration as to that issue. On July 18, 2006, Defendants filed a renewed motion for summary judgment which was subsequently stricken by Magistrate Judge Ronald J. Hedges as violative of a discovery order and filed without the Court's consent. In its February 1, 2007 opinion, this Court affirmed Judge Hedges' decision, but granted Defendants leave to file a new motion for summary judgment on Plaintiff's Petition Clause claim.

On September 27, 2007, the Court issued its opinion on Defendants' motion for summary judgment. The Court found that Sheriff Cassidy was entitled to qualified immunity as to all of Plaintiff's claims that the Court considered, but found that municipal liability applied as to Hudson County and the Sheriff's Office on Plaintiff's claims regarding (1) Sheriff Cassidy's alleged retaliation in the form of the denial of overtime opportunities and verbal harassment of Plaintiff and (2) Sheriff Cassidy's alleged conspiracy with Patricia Cassidy to violate Plaintiff's Petition Clause rights under the First Amendment. Opinion (Sept. 27, 2007) at p. 31.

In the aforesaid opinion, the Court specified that it would not consider Plaintiff's allegations regarding (1) disciplinary charges filed against Plaintiff for his failure to report an incident he witnessed while off-duty at Nicco's restaurant involving other officers and (2) Sheriff Cassidy's refusal to promote Plaintiff to Sergeant. Id. at p. 4 n.5. The Court took the position inasmuch as neither allegation was plead in the Third Amended Complaint. Id. On October 15, 2007, Plaintiff filed the instant motion, requesting that the Court reconsider its refusal to consider these allegations, since according to Plaintiff, they were in fact raised in the Final Pretrial Order and thus should have been considered by the Court.

## II.   Standard of Review

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). The instant motion for reconsideration involves only the third ground for reconsideration, namely, the necessity to correct a clear error of law or prevent manifest injustice. This generally means that

the Court overlooked some dispositive factual or legal matter that was presented to it. See L. Civ. R. 7.1(i); see also Fellenz, 2005 WL 3104145, at *1; Carmichael, 2004 WL 1587894, at *1.

### III.    Legal Discussion

Plaintiff argues that the Court overlooked Federal Rule of Civil Procedure 16 in granting summary judgment in favor of Sheriff Cassidy as to all claims against him. Plaintiff argues that had the Court followed said Rule, it would have considered certain facts alleged in the Final Pretrial Order regarding Sheriff Cassidy's alleged retaliation. Specifically, Plaintiff asserts that:

(1) the Court would have considered a) the disciplinary charges filed against Plaintiff at Sheriff Cassidy's direction and b) Sheriff Cassidy's failure to promote Plaintiff, Pl.'s Br. in Support of Mot. for Recons. ("Pl.'s Br.") at p. 4, and

(2) upon considering these claims would reinstate Sheriff Cassidy in the case as he is not entitled to qualified immunity for either of these acts of retaliation, see Pl.'s Br. at pp. 12-13.

The Court will now discuss these issues in turn.

### A.    Allegations in the Final Pretrial Order

Plaintiff contends that this Court's failure to consider allegations regarding disciplinary charges for the Nicco's incident and the Sheriff's failure to promote Plaintiff did not comport with Rule 16 of the Federal Rules of Civil Procedure. Pl.'s Br. at p. 9. Defendants do not contest this argument. See Defs.' Letter Opp'n. Plaintiff did not raise this issue in its opposition to the summary judgment motion nor did Plaintiff include the Final Pretrial Order–or portions thereof–for the Court to review at that time. Thus, in considering the motions for summary judgment, the Court looked to the Third Amended Complaint as the controlling pleading and did not consider these allegations. See Opinion (Sept. 27, 2007) at p. 4 n.5.

Rule 16 dictates that the Final Pretrial Order "controls the course of the action unless the court modifies it" and the Court may make such modification only to "prevent manifest injustice". Fed. R. Civ. P. 16(d), (e). Although the Plaintiff did not point the Court to any case stating as such either in its summary judgment papers or its brief in support of its motion for reconsideration, the Court finds that the final pretrial order "controls" the proceedings in that, once entered, it supercedes the pleadings. See Hoagburg v. Harrah's Marina Hotel Casino, 585 F.Supp. 1167, 1175 (D.N.J. 1984) (citing Basista v. Weir, 340 F.2d 74, 85 (3d Cir. 1965)) (finding that plaintiff had asserted certain claims by including them in the final pretrial order despite the fact that plaintiff had not raised these claims in the complaint). Therefore, the Court

will examine the allegations set forth in the Final Pretrial Order in light of Defendants' motion for summary judgment.[1]

### B. Section 1983 Petition Clause Claim

Plaintiff alleges that the retaliatory disciplinary charges and failure to promote him violate his First Amendment rights in contravention of 42 U.S.C. § 1983. Only if Plaintiff can establish a violation of section 1983 will the Court evaluate whether Sheriff Cassidy is entitled to qualified immunity for that claim. The Court set forth in full the section 1983 analysis and the Third Circuit's three-part test used to assess a public employee's claim of retaliation for having engaged in an activity protected by the First Amendment in its September 27, 2007 opinion, Opinion (Sept. 27, 2007) at pp. 6-10, therefore it will not be restated fully here. Suffice it to say that under the Third Circuit's test, the plaintiff must show that (1) he engaged in protected activity and (2) his protected activity was a substantial factor in motivating the alleged retaliation. See, e.g., Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005); San Filippo v. Bongiovanni, 30 F.3d 424, 430-31 (3d Cir. 1994). The purported retaliation cannot be trivial or *de minimus* and must be "sufficient to deter a person of ordinary firmness from exercising his or her First Amendment rights." See Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000). If the plaintiff makes these showings, a defendant may nonetheless defeat the plaintiff's claim if the defendant establishes that the same adverse employment action would have taken place even in the absence of the protected conduct. See, e.g., Hill, 411 F.3d at 125; San Filippo, 30 F.3d at 430-31.

The fact that Plaintiff engaged in protected activity under the First Amendment's Petition clause is not contested here. See Hill, 411 F.3d at 126 ("any lawsuit brought by an employee against a public employer qualifies as a protected petition under the First Amendment so long as it is not [a] sham. . . "). Thus, the Court will only examine the second and third prongs of the test

---

[1] Plaintiff argues in the alternative that Fed. R. Civ. P. 15(b) allows the Court to consider the additional allegations regarding the disciplinary charges and the Sheriff's failure to promote Plaintiff. Pl.'s Br. at pp. 9-10. Rule 15(b)(2) states that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings . . . ." Fed. R. Civ. P. 15(b)(2). Although there has been no express consent on this issue, the fact that the parties addressed both sets of allegations on summary judgment evidences the parties' implied consent to adjudicate the allegations as if they had been specifically alleged in the Third Amended Complaint.

Because the Court will consider these allegations and because they are set forth in the Final Pretrial Order, the Court need not grant Plaintiff's request to amend the complaint for a fourth time. See Pl.'s Br. at pp. 10-11.

with respect to both the allegations regarding the disciplinary charges filed against Plaintiff and the Sheriff's failure to promote Plaintiff to the rank of Sergeant.[2]

### 1.     Disciplinary Charges Filed Against Plaintiff

Plaintiff alleges that Sheriff Cassidy retaliated against him by ordering the institution of disciplinary charges for his failure to file a report after witnessing a fight outside Nicco's restaurant in which other members of the police department were involved. Final Pretrial Order at Contested Facts, ¶¶ 596-629. Defendants challenge this allegation, stating that once Plaintiff filed the requested report, all disciplinary charges against Plaintiff were dropped. Defs.' Letter Opp'n at p. 2; see Defs.' Summ. J. Reply at pp. 11-12. Plaintiff does not dispute that the charges were dropped upon filing the report. See Pl.'s Resp. to Def., County of Hudson's Statement of Material Facts at ¶ 17. No disciplinary consequences ensued, and the charges were dropped immediately after the requested reports were filed. Therefore, the Court does not view these circumstances as the type that would deter a person of ordinary firmness from exercising his First Amendment rights. The Court finds this allegation of retaliation *de minimus* at most. See Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003) (finding certain of plaintiff's claims did not constitute constitutional violations because the retaliatory conduct at issue was *de minimus* or trivial). The Court need not examine the second or third prongs of the test. Consequently, defendant Sheriff Cassidy is entitled to summary judgment on Plaintiff's Petition Clause claim based on the disciplinary charge allegations.

### 2.     Failure to Promote

Plaintiff's section 1983 claim is further premised on Sheriff Cassidy's failure to promote Plaintiff to Sergeant. As it pertains to this claim, if Plaintiff can present sufficient evidence that his exercise of his First Amendment rights was a "substantial" or "motivating" factor in the Sheriff's refusal to promote him, Plaintiff would be entitled to relief. See Suppan, 203 F.3d at 235, 237. At his deposition, Plaintiff addressed a question regarding these allegations, saying that he had been "told that [he was] not going to be made sergeant". Deposition of Sean McGovern ("McGovern Dep.") at 123:6-123:10. The Court interprets this exchange as indicating Plaintiff was told he was not going to be promoted to Sergeant precisely *because* he had filed a lawsuit. Plaintiff further testified that he had conversations with Sergeants Schifano and Archibald who indicated that there would be no promotions to Sergeant based on Plaintiff's rank of number 2 on the list. See McGovern Dep. at 123:12-127:9. Plaintiff states in his certification that he was "told by Hudson County Sheriff's Officers John Brown, David Pelli and Jose Gonzalez that the Sheriff has stated he will not promote officers to Sergeant so long as

---

[2] Plaintiff contends that the second and third prongs of the test must be determined by the jury, not the Court. See Pl.'s Letter Reply at p. 2. However, "while the second and third prongs [do] present questions of fact for the jury, only *genuine* questions of fact should be determined by the jury." Hill v. City of Scranton, 411 F.3d 118, 127 (3d Cir. 2005) (citations omitted) (emphasis in original).

[Plaintiff] is ranked [number] 2 on the list." McGovern Certification at ¶ 56.[3]

In their reply on summary judgment, Defendants countered these facts by stating the Court could not consider them as inadmissible hearsay, Defs.' Reply Br. at pp. 23-24, ¶¶ 91-92, but did not offer any evidence refuting the fact that Sheriff Cassidy made such statements. Furthermore, there is no indication that the aforesaid officers would not testify in accordance with Plaintiff's version if subpoenaed or called to testify at trial.  Therefore, the Court finds that the discovery cited by Plaintiff if proven could allow a reasonable factfinder to conclude that Plaintiff's protected First Amendment conduct was a substantial factor in Sheriff Cassidy's decision not to promote Plaintiff.[4]

In order to defeat Plaintiff's showing that the filing of the petition was a "substantial factor" in Sheriff Cassidy's decision, Defendants "must present evidence of such quality that no reasonable juror could conclude that the protected activity was the but-for cause of the termination." See Hill, 411 F.3d at 127 n.11.  Defendants maintain that Plaintiff would not have been promoted even absent the exercise of his protected conduct because: (1) officers are promoted to Sergeant off of the respective promotion lists only once an "appropriate opening is created" pursuant to the New Jersey Civil Service Rules and Regulations, Defs.' Summ. J. Br. at p. 9; Defs.' Letter Opp'n at p. 2; (2) there was no Sergeant position available for the time period in which Plaintiff was eligible to be promoted, see Cassidy Certification at ¶ 5; and (3) Sheriff Cassidy had "complete discretion" in appointing an officer in one of the top three spots off of the promotion list, Defs.' Letter Opp'n at p. 2.  However, notwithstanding these allegations by Defendants, the Court finds that a material, genuine issue of fact still exists as to the real and substantial motivating factor in Sheriff Cassidy's failure to promote Plaintiff.  Furthermore, Defendants cite to no statute, rule, regulation or case in support of these assertions.  Therefore, they fail to meet their high burden under the third prong of this test.  Accordingly, the Court will

---

[3] Although Plaintiff did not submit supporting affidavits from Schifano, Archibald, Brown, or Pelli, there is no indication that they will be unavailable to testify at trial; thus, the Court will consider such statements in adjudicating this motion. See Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . ."); Williams v. Borough of West Chester, 891 F.2d 458, 466 n.12 (3d Cir. 1989) ("hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e., 'in a form that would be admissible at trial' "); King v. City of Philadelphia, No. 02-2845, 66 Fed Appx. 300, 2003 WL 1705967, at *3 (3d Cir. Apr. 1, 2003) (same).

[4] In the event that Plaintiff does not produce these officers to testify at trial–or these officers do not testify to the conversations attested to by Plaintiff, the Court could always at that time entertain the appropriate motion from Defendants' counsel on this aspect of Plaintiff's Petition Clause claim.

allow Plaintiff's Petition Clause claim under both the United States and New Jersey State Constitutions to proceed against Sheriff Cassidy based on these allegations.

### C. **Qualified Immunity**

Since Plaintiff has produced evidence to establish a genuine issue of material fact with respect to Sheriff Cassidy's failure to promote him, the Court must turn to whether Sheriff Cassidy is entitled to qualified immunity on this claim.[5]  Unless his conduct violated a clearly established constitutional right of which a reasonable person would have known, Sheriff Cassidy is immune from suit.  See, e.g., Larsen v. Senate of the Commw. of Pennsylvania, 154 F.3d 82, 86 (3d Cir. 1998).  The burden is on the plaintiff to establish that the constitutional right at issue was "clearly established".  See, e.g., Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) ("Where a defendant asserts a qualified immunity defense in a motion for summary judgment, the plaintiff bears the initial burden of showing that the defendant's conduct violated some clearly established statutory or constitutional right.").  For a right to be clearly established for the purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." See, e.g., Wilson v. Layne, 526 U.S. 603, 615 (1999) (quotations omitted); McKee v. Hart, 436 F.3d 165, 171 (3d Cir. 2006).  In other words, "there must be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." McKee, 436 F.3d at 171 (quoting McLaughlin v. Watson, 436 F.3d 566, 572 (3d Cir. 2001)) (quotation omitted).  Thus, this inquiry "must be undertaken *in light of the specific context of the case*, not as a broad general proposition." Id. (quotation omitted) (emphasis in original).

Plaintiff's right to be free from retaliation for filing petitions protected by the First Amendment is clearly established.  See San Filippo, 30 F.3d *passim*.  However, Plaintiff must demonstrate that there was sufficient precedent at the time of the purported retaliatory actions, which was *factually similar* to Plaintiff's allegations to put Sheriff Cassidy on notice that his conduct was constitutionally prohibited.  Here, Plaintiff cites to Bennis v. Gable, 823 F.2d 723 (3d Cir. 1987), and Robb v. City of Philadelphia, 733 F.2d 286 (3d Cir. 1984), to establish that this constitutional right was clearly established *at the time* of the alleged violation.

Bennis is somewhat distinguishable from the case at bar.  In Bennis, plaintiffs Bennis and MacLean, among others, were promoted to detective-sergeant in 1979.  Bennis, 823 F.2d at 725.  After a 1981 mayoral election, Bennis and MacLean–who had supported the elected mayor's opposition–were demoted to their previous positions as police officers on the pretense of

---

[5] The Court's qualified immunity analysis extends to Plaintiff's claim for the violation of his Petition Clause rights under both the United States and New Jersey State Constitutions.  Cf. San Filippo, 30 F.3d at 430-35; Fioriglio v. City of Atlantic City, 966 F.Supp. 379, 391 (D.N.J. 1998) (reviewing Plaintiff's First Amendment claims in violation of the United States and New Jersey State Constitutions under the same rubric).

promoting morale in the police department.  Id. at 726.  The Bennis Court held that "as of 1982 the law was 'clearly established' that a public employee could not be demoted in retaliation for exercising his rights under the [F]irst [A]mendment."  Id. at 733 (emphasis added).  Here, Sheriff did not *demote* Plaintiff, but rather did not *promote* him.

  Robb, however, is contextually analogous to Plaintiff's case.  Robb was a public employee in the Philadelphia Department of Recreation and the president of the Performing Arts Society of Philadelphia, a private position.  Robb, 733 F.2d at 289.  When a performer hired by the Performing Arts Society breached his contract, Robb threatened to sue.  Id.  Fredric Mann, an influential Philadelphia resident not employed by the government, warned Robb not to sue and when Robb did not comply, physically assaulted him at a concert.  Id.  A few days after the assault, Mann threatened Robb to settle the case; again, Robb did not acquiesce.  Id.  Mann then involved Robb's superiors in the Department of Recreation who, in addition to attempting to coerce him to settle the case (which Robb continued to refuse to do), transferred him to a different position in the Department of Recreation and denied him a promotion to Cultural Affairs Director in retaliation for his refusal to drop the lawsuit.  Id. at 290.  Robb filed a complaint against these officials (as well as Mann and other private individuals) under 42 U.S.C. § 1983, alleging that defendants had deprived him of liberty and property interests as against the Fourteenth Amendment rights and his right to free speech under the First Amendment.  Id.  Defendants moved to dismiss the complaint and the district court granted the motion.  Robb appealed.  Id. at 2088.  While the Third Circuit found that Robb did not have a property or liberty interest in a promotion sufficient to state a claim for deprivation of his Fourteenth Amendment rights, the court held that Robb stated a section 1983 claim for violation of his First Amendment rights, including the right to petition,[6] when he was "denied the benefits of prestige by not being . . . promoted to the position of Cultural Affairs Director".  Id. at 295 (emphasis added).

  The facts of Robb–and the Third Circuit's holding–were sufficient to put a reasonable official on notice in 1997 that failing to promote a public employee in retaliation for exercising his First Amendment Petition Clause rights is constitutionally prohibited.  The Court believes that ample precedent existed at the time of Sheriff Cassidy's alleged retaliatory decision not to promote Plaintiff to Sergeant, see id.; cf. Rutan v. Republican Party of Illinois, 497 U.S. 62, 75 (1990) (holding that "promotions, transfers and recalls after layoffs based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees"), to deprive Sheriff Cassidy of qualified immunity on this claim.  Sheriff Cassidy is reinstated in the case on Plaintiff's Petition Clause claims under the United States and New Jersey State Constitutions, in violation of 42 U.S.C. § 1983.

### D.  **Municipal Liability**

  In its Sept. 27, 2007 opinion, the Court found that municipal liability existed against

---

 [6] Robb had also spoken to various Philadelphia newspapers about the case and premised the First Amendment part of his section 1983 claim on these actions as well.

defendants Hudson County and the Sheriff's Office for Sheriff Cassidy's acts as he has "final policymaking authority" for these municipal entities.  Opinion (Sept. 27, 2007) at pp. 29-30.  As of the date of that opinion, the municipal entities bore liability on the First Amendment retaliation and conspiracy claims remaining in the case.  Id. at pp. 30-31.  Hudson County and the Sheriff's Office likewise bear liability on the added retaliatory failure to promote allegations under Plaintiff's Petition Clause claim.

## IV.    Conclusion

For the reasons set forth herein, Plaintiff's motion for reconsideration is granted.  Sheriff Cassidy is reinstated in this case on Plaintiff's section 1983 claim for retaliation in violation of the First Amendment based on the failure to promote allegations.  Municipal liability will lie against Hudson County and the Sheriff's Office on these allegations as well.  An appropriate order accompanies this letter opinion.


Date:    January 2, 2007                                          /s/ Jose L. Linares
                                                                                United States District Judge

9